# COMMONWEALTH OF KENTUCKY
# FRANKLIN CIRCUIT COURT

**DANIEL BURNS, individually & on behalf of all similarly situated,**

    Plaintiff(s),

                               Case Number _____

v.

**PINNACLE CONSTRUCTION, INC.**

    Defendant.

_____/

## Complaint & Jury Demand

1. The named Plaintiff, Daniel Burns, sues the Defendant, Pinnacle Construction, Inc., individually and on behalf of all similarly situated for unpaid wages and overtime pursuant to 29 U.S.C. § 216(b).

2. Named Plaintiff resides in Jefferson County, Kentucky.

3. Defendant is an Iowa company.

4. Defendant is registered to do business in the Commonwealth of Kentucky.

5. Defendant maintains a registered agent in Frankfort, Kentucky.

6. Venue is proper pursuant to KRS 452.450.

7. The Honorable Court has jurisdiction pursuant to 29 U.S.C. § 216(b).

8. Defendant employs employees.

9. Defendant employs employees that handle goods or materials that have moved in interstate commerce such as cell phones, paper, pen, laptops, work boots, vehicles, email and protective gear.

10. Defendant has annual revenues in excess of $1,000,000.00.

11. Defendant started in September 1995 in Glenwood, Iowa.

12. Defendant is a construction company.

13. Defendant asserts that its "intuition, highly trained and skilled workers" are its assets.

14. Defendant works with Fortune 500 companies, local businesses and historical societies.

15. Defendant builds and remodels retail shops and restaurants as part of its business.

16. Defendant is an enterprise as defined by 29 U.S.C. § 203(r).

17. Defendant is an enterprise engaged in commerce as defined by 29 U.S.C. § 203(s).

18. Defendant was Plaintiff(s) employer as defined by 29 U.S.C. § 203(d).

19. Plaintiff(s) are carpenters.

20. Defendant has a policy and practice of misclassifying its carpenters as independent contractors.

21. Carpenters are an integral part of Defendant's business.

22. Named Plaintiff worked for Defendant as a carpenter in Texas, New York, Massachusetts and Oklahoma.

23. The FLSA stretches the meaning of employee to cover some parties who might not qualify as such under a strict application of traditional agency law principles. *Nationwide Mut. Ins. Co. v. Darden*, 503 U.S. 318, 326 (1992).

24. The definition of employ is broad. *Rutherford Ford Corp. v. McComb*, 331 U.S. 722, 728, 67 S.Ct. 1473, 1476 (1947).

25. In fact, it is clear that the definition of employment as it relates to the FLSA is the broadest definition that has ever been included in one act. *Shultz v. Hinojosa*, 432 F.2d 259, 264 (5th Cir. 1970).

26. Employment under the FLSA is as much a matter of circumstance as it is of consensual agreement. A relationship may exist between two parties whether or not either or both of them give it express recognition. *Gulf King Shrimp Co. v. Wirtz*, 407 F.2d 508, 512 (5th Cir. 1969).

27. Work not requested but suffered or permitted is work time. 29 C.F.R. § 785.11.

28. Plaintiff(s) are economically dependent upon Defendant.

29. During weeks that Plaintiff(s) work for Defendant they are unable to work elsewhere.

30. Defendant treats all of its carpenters the same.

31. Defendant had a policy of not paying its carpenters for compensable travel time for overnight trips.

32. Defendant did not keep accurate time records pursuant to 29 U.S.C. § 211(c).

33. Defendant contracted with middlemen to employ contractors in willful attempt to evade its obligations under the Fair Labor Standards Act.

34. Defendant directed work throughout the country from its headquarters in Iowa.

35. Defendant controlled the work of Plaintiff(s).

36. Defendant utilizes project managers.

37. Defendant utilizes superintendents.

38. Superintendents act for the benefit of project managers and Defendant.

39. Project managers are employees, members, partners or principles of Defendant.

40. Defendant classifies its superintendents as "sub-contractors" even though its superintendents are economically dependent upon Defendant and act for the benefit of Defendant.

41. Defendant secures jobs in states where the labor has to travel from out of state, requiring overnight travel.

42. In the case at hand, named Plaintiff lived in Kentucky but had to travel to Texas and other states to perform work for Defendant.

Filed            18-CI-00974       09/27/2018           Amy Feldman, Franklin Circuit Clerk                NOT ORIGINAL DOCUMENT
                                                                                                       10/19/2018 01:44:49 PM
                                                                                                       03270-6

43.     Plaintiff(s) were neither paid their regular rate of pay nor overtime pay for travelling out-of-state for work requiring overnight stays.

44.     The travel time crossed Plaintiff(s) normal work hours.

45.     Effectively Defendant utilized a no-pay for travel policy.

46.     Defendant's policies and/or practices of "misclassification" and "no-pay for travel" led to violations of 29 U.S.C. § 207(a)(1).

47.     Plaintiff(s) are blue-collar workers.

48.     Plaintiff(s) primary job duties are to construct, install and repair structures and fixtures.

49.     Without Plaintiff(s) Defendant could not complete its projects.

50.     Plaintiff(s) are and were an integral part of Defendant's business.

51.     Plaintiff(s) are entitled to overtime pay for all hours worked over forty hours in a workweek.

52.     All the materials at a job were arranged by Defendant.

53.     Plaintiff(s) made no capital investments.

54.     Plaintiff(s) did not have any opportunity for profit or loss.

55.     Everything Plaintiff(s) earn or earned were through the time they spent working.

56.     Plaintiff(s) are and were hourly paid workers.

57.     Defendant did not pay Plaintiff(s) for all hours worked.

58.     Defendant gave Plaintiff(s) specific assignments to complete.

Filed            18-CI-00974       09/27/2018           Amy Feldman, Franklin Circuit Clerk

Presiding Judge: HON. PHILLIP J. SHEPHERD (648260)                     COM : 000005 of 000006

59. Defendant monitored Plaintiff(s) work.

60. Defendant willfully violated the FLSA or acted in reckless disregard.

Wherefore, Plaintiff(s) demand trial by jury, facilitation of notice to all similarly situated, unpaid wages, overtime, liquidated damages, interest, declaration that Defendant's misclassification policy violates the FLSA, declaration that Defendant's no pay for travel policy violates the FLSA, declaration that Defendant failed to keep accurate time records pursuant to the FLSA, attorneys' fees, costs and any other relief the Honorable Court deems appropriate and just.

Respectfully submitted this 27th day of September 2018,

/s/ Bernard R. Mazaheri
Bernard R. Mazaheri
Christina Thomas Mazaheri
Morgan & Morgan
333 W Vine St Ste 1200
Lexington, Kentucky 40507
Tel – (859)219-4529
Email – bmazaheri@forthepeople.com
        cmazaheri@forthepeople.com